UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEVERSTAL NORTH AMERICA, INC.,
a Delaware corporation,

        Plaintiff,

                              Case No. 06-CV-10202

vs.                                HON. GEORGE CARAM STEEH

NORTH AMERICAN REFRACTORIES
COMPANY, an Ohio corporation, and
SPECIAL SHAPES REFRACTORY
COMPANY, INC., an Alabama
corporation,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT AFFIRMATIVE
DEFENSES (DOCUMENT #13)

Before the court is defendant North America Refractories Company's (NARCO) request for leave to supplement the affirmative defenses contained in its answer, which was filed February 14, 2006.[1] NARCO's motion was filed on March 20, 2006.

In its motion, NARCO states that when it received plaintiff's complaint, certain exhibits referred to in the complaint were missing. NARCO asserts that after its counsel contacted plaintiff's counsel and received the exhibit in question, it filed its answer and affirmative defenses on January 17, 2006. NARCO states that at some later date, its counsel realized that the document forwarded by plaintiff's counsel, which consisted of the terms and conditions contained in plaintiff's purchase order, was not the correct

---

[1] Because the court has determined oral argument would not assist in its determination on this motion, pursuant to E.D.Mich. LR 7.1(e)(2), IT IS HEREBY ORDERED that there will be no hearing on this motion.

Exhibit #1, but that another document entitled "Terms and Conditions," which were provisions contained in NARCO's quotation, was actually the "document relating to the purchase order for the nesting blocks which are the subject of this litigation." NARCO contends that had it possessed the correct document in hand when it filed its responsive pleadings, it would have included additional affirmative defenses[2] with its answer. NARCO requests leave to add those affirmative defenses at this time.

Plaintiff opposes the motion, generally asserting that defendant had the "missing" exhibit all the while, as it was defendant's own quotation. Plaintiff contends that "NARCO may not shift the blame to Plaintiff for NARCO's apparent failure or neglect to review its own Quotation, attached to its Answer to the Complaint, to assert potential affirmative defenses." Alternatively, plaintiff asserts that the proposed amendments would be futile.

While the court agrees that NARCO certainly cannot contend it was plaintiff's neglect that caused its omission to include any desired affirmative defenses it might assert *under its own quotation's terms and conditions*, the court is not persuaded by plaintiff's response that it should deny NARCO's request. The court notes the standard for leave to amend set forth at Fed.R.Civ.P. 15(a), which provides that "leave shall be freely granted when justice so requires," and the Supreme Court's explanation that in the absence of bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless the amendment could not survive a motion to dismiss, Foman v. Davis, 371 U.S. 178, 182 (1962). There is certainly no evidence of dilatory motive on

---

[2] Namely affirmative defenses concerning the allegedly applicable statute of limitations, limitations regarding consequential damages, and limits on liquidated damages.

the part of the movant in this case, and pre-discovery confusion over the applicable terms and conditions, which appears to be the crux of the issue in this case, will not be construed by the court as bad faith.

Accordingly, defendant's motion is hereby GRANTED. Defendant shall file an amended responsive pleading on or before May 24, 2006, in which the amendments shall be limited to those listed in footnote #2 above.

IT IS SO ORDERED.

S/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 8, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee<br>
Secretary/Deputy Clerk