IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEVERSTAL NORTH AMERICA, INC., a
Delaware Corporation, Successor-in-Interest to
ROUGE STEEL COMPANY, a Delaware
Corporation,

    Plaintiff,

Case No. 06-10202

DISTRICT JUDGE GEORGE C. STEEH
v.                                         MAGISTRATE JUDGE STEVEN D. PEPE

NORTH AMERICAN REFRACTORIES
COMPANY, an Ohio Corporation, and
SPECIAL SHAPES REFRACTORY
COMPANY, INC., an Alabama Corporation,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT NORTH AMERICAN REFRACTORIES COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR FOURTH ADJOURNMENT OF SCHEDULING ORDER DATES (DKT. #69)
AND
<u>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DKT. #71)</u>**

Plaintiff Severstal North America, Inc. ("Severstal") manufactures steel used primarily in the automotive industry, and is the successor-in-interest to Rouge Steel Company ("Rouge"). As part of its steel making process, Rouge mixes the molten elements such as iron, ore, scrap steel and other metal elements (collectively, "the heat") at an extremely high temperature in a ladle to make steel. A "nest block," which includes a stir plug used to introduce gasses into the heat, is located at the bottom of the ladle. Defendant Special Shapes Refractory Company, Inc. ("SSRC") designs, manufactures and sells stir plugs to Defendant North American Refractories

Company ("NARCO") for incorporation into nest blocks. NARCO designs, manufactures and sells nest blocks that incorporate stir plugs manufactured and sold by SSRC. Defendant NARCO sold such a nest block and stir plug to Rouge in or about the second half of 2002, which Rouge installed into its Ladle #21.

This case arises from the January 29, 2003, breakout of the heat from Ladle #21 in which the heat was mixed. Severstal's theory in this case is that the nest block and/or stir plug were defective. As a result, a breakout occurred which damaged the ladle, a ladle stand, and incinerated the massive carrier, called a Klein Carrier, used to transport the ladle from one area of the Rouge facility to another. Severstal claims that its loses as result of this incident total over $3 millions dollars.

On September 21, 2007, NARCO filed it Motion to Compel Discovery Responses and for Fourth Adjournment of Scheduling Dates (Dkt. #69). Plaintiff filed a Motion to Compel Production of Documents in which it seeks to have Defendant NARCO produce notes and other materials regarding investigations of other ladle breakouts conducted by NARCO employee Mark Smith, as testified to by Mr. Smith in his August 17, 2007, deposition (Dkt. #71). All non-dispositive (discovery) motions were referred on January 26, 2007, under 28 U.S.C. § 636(b)(1)(A) for hearing and determination (Dkt. #52). On November 27, 2007, a telephonic hearing was held regarding the unresolved portions of both motions.

1.  Defendant NARCO's Request to Produce No. 6 states: "Please produce the complete tax returns, to include Forms 1120 and any and all other applicable tax Forms, Schedules and attachments filed by any entity for the Rouge Steel facility, for the years 2000 through 2005." Defendant maintains that Plaintiff's claimed loss of production has an economic

translation into lost revenue as a direct result of that alleged loss of production, and that the requested tax and revenue data is therefore relevant and discoverable to test Plaintiff's claims. At the hearing, it was determined that Defendant had made a *prima facie* case that the requested documents would be relevant to any lose of production claim. Plaintiff's counsel, however, requested additional time to speak with his clients regarding what other information, beyond tax records, may be available to demonstrate a loss of production or loss in sales claim.

**IT IS ORDERED THAT** on or before December 4, 2007 – after Plaintiff's counsel discusses the nature of the damages for the steel production losses during the days the line was shut down – Plaintiff shall provide Defendant's counsel with additional data regarding actual loss of sales or other financial losses due to this lost production. In the event that Defendant's counsel is not satisfied with these documents and any additional agreement on production of tax data is necessary, he shall contact the Court's Deputy Clerk, Pete Peltier, for an expedited follow-up hearing.

2. **IT IS FURTHER ORDERED THAT** Defendant NARCO's motion for a modified scheduling order, which is unopposed by Plaintiff is **GRANTED**. Accordingly, the scheduling order is modified as follows:

> Witness Lists Exchanged by: 1/2/08
> Plaintiff's Rule 26(a)(2)(B) report submitted: 4/14/08
> Defendants' deposition of Plaintiff's expert conducted by: 5/5/08
> Defendants' Rule 26(a)(2)(B) reports submitted: 5/12/08
> Plaintiff's depositions of Defendants' experts conducted by: 6/2/08
> Discovery Cutoff: 6/23/08
> Dispositive Motions due: 7/21/08

3. **IT IS FURTHER ORDERED THAT** Plaintiff's motion on the unresolved issue is **GRANTED**. Plaintiff's motion requests that Defendant produce notes and other materials

regarding 20-25 investigations of other ladle breakouts conducted by NARCO employee Mark Smith, as testified to by Mr. Smith in his August 17, 2007, deposition.  Such information is potentially relevant and is subject to discovery.  On or before December 12, 2007, Defendant NARCO shall produce, at Plaintiff's copying cost, copies of any investigative reports or notes of Mark Smith regarding other ladle breakouts, including any test results for product failures in the stir plug, nest block, and safety or spacer plates.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1),  Fed. R. Civ. P. 72(b) and LR 72.1(d).

**SO ORDERED**.

Dated: November 27, 2007　　　　　　　　　　s/Steven D. Pepe
Flint, MI　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 27, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Roy E. Cole, Robert P. Hurley, Christopher P. Mansur, Mark E. Morley, William C. Schaefer, Edward S. Toth, John L. Weston and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: not applicable

                                                  s/ James P. Peltier
                                                  James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502
                                                  810-341-7850
                                                  pete_peliter@mied.uscourts.gov