IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEVERSTAL NORTH AMERICA, INC., a
Delaware Corporation, Successor-in-Interest to
ROUGE STEEL COMPANY, a Delaware
Corporation,

    Plaintiff,

Case No. 06-10202

DISTRICT JUDGE GEORGE C. STEEH
MAGISTRATE JUDGE STEVEN D. PEPE

v.

NORTH AMERICAN REFRACTORIES
COMPANY, an Ohio Corporation, and
SPECIAL SHAPES REFRACTORY
COMPANY, INC., an Alabama Corporation,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF SEVERSTAL'S MOTION TO COMPEL (DKT. #136)**

Plaintiff Severstal North America, Inc. ("Severstal") manufactures steel used primarily in the automotive industry, and is the successor-in-interest to Rouge Steel Company ("Rouge"). As part of its steel making process, Rouge mixes the molten elements such as iron, ore, scrap steel and other metal elements (collectively, "the heat") at an extremely high temperature in a ladle to make steel. A "nest block," which includes a stir plug used to introduce gasses into the heat, is located at the bottom of the ladle. Defendant Special Shapes Refractory Company, Inc. ("SSRC") designs, manufactures and sells stir plugs to Defendant North American Refractories Company ("NARCO") for incorporation into nest blocks. NARCO designs, manufactures and sells nest blocks that incorporate stir plugs manufactured and sold by SSRC. Defendant NARCO

sold such a nest block and stir plug to Rouge in or about the second half of 2002, which Rouge installed into its Ladle #21.

This case arises from the January 29, 2003, breakout of the heat from Ladle #21 in which the heat was mixed. Severstal's theory in this case is that the nest block and/or stir plug were defective. As a result, a breakout occurred which damaged the ladle, a ladle stand, and incinerated the massive carrier, called a Klein Carrier, used to transport the ladle from one area of the Rouge facility to another. Severstal claims that its loses as result of this incident total over $3 millions dollars.

On November 25, 2008, Severstal filed it Motion to Compel Deposition of SSRC Witnesses (Dkt. #136). No response has been filed. All non-dispositive (discovery) motions were referred on January 26, 2007, under 28 U.S.C. § 636(b)(1)(A) for hearing and determination (Dkt. #52). For the reasons stated below, Severstal's motion to compel is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to Local Rule 7.1(d)(2)(B), "a response to a nondispositive motion must be filed within 14 days after service of the motion." Here, Defendant SSRC has failed to file any response to Severstal's motion to compel, which was filed on November 25, 2008. Pursuant to Local Rule 7.1(d)(2)(E), "oral hearings will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule." Because SSRC has failed to file any responses in opposition to the relief requested as required by the Local Rules or sought an extension of time to file her response, it is determined that a ruling can be made on the pending motion to compel without oral argument.

At the deposition of SSRC employee Dan Siebe on July 18, 2008, Mr. Siebe

identified Norman Jones as the individual who managed SSRC's manufacturing operations in and around the time of the breakout and Chris Fallin as the individual responsible for testing and quality control (Dkt. #136, Ex. A, Sieb deposition, pp. 30-32, 81-82). Subsequent to the deposition of Mr. Siebe, Severstal's counsel, on several occasions, requested that Defendant SSRC produce witnesses Chris Fallin and Norman Jones for deposition. No information was forthcoming (Dkt. #136, Ex. B).

As Defendant SSRC's counsel would neither provide dates for deposition or the current whereabouts for these witnesses, on or about October 24, 2008, Severstal served a Notice of Taking Deposition *Duces Tecum* for Chris Fallin, Norman Jones and also served a Notice of Taking Deposition pursuant to Fed. R. Civ. P. 30(b)(6) requesting that Defendant SSRC identify someone who could testify concerning certain topics identified in the 30(b)(6) notice (Dkt. #136, Ex. C). No witnesses were produced pursuant to said Notices of Taking Deposition. On or about October 27, 2008, Severstal's counsel corresponded with counsel for SSRC, making a final request for dates for availability to produce these witnesses for deposition. To date, Severstal's counsel indicates she has not received any dates for production of these witnesses for deposition (Dkt. #136, Ex. D).

Having failed to timely respond or file any objection to the discovery or respond to the motion to compel, SSRC has waived any objections that might have been asserted with respect to Severstal's discovery requests. *See* 8A C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2173, (2008), and extensive case authority cited therein.

After examining the exhibits attached to Severstal's present motion, it appears that Mr. Fallin and Mr. Jones are former employees of SSRC. Moreover, while Severstal has indicated in

their Notices of Taking Deposition *Duces Tecum* that Chris Fallin and Norman Jones shall be produced for deposition pursuant to Fed. R. Civ. P. 30(b)(6), it appears that these Notices should have been issued pursuant to Fed. R. Civ. P. 30(b)(1), which allows for the deposition of a specific person rather than a public or private corporation, a partnership, an association, a governmental agency, or other entity. Because Mr. Jones and Mr. Fallin are former employees, SSRC is not obligated to produce them for deposition. Rather, Severstal must serve Mr. Jones and Mr. Fallin with subpoenas if they wish them to appear for deposition.

SSRC, however can produce a 30(b)(6) witness in response to Severstal's Notice of Taking Deposition *Duces Tecum*. Accordingly, on or before December 29, 2008 or on a date agreed to by both parties, SSRC shall produce an individual identified with knowledge of certain matters set forth in the Notice of Taking Deposition pursuant to Fed. R. Civ. P. 30(b)(6) served on SSRC on October 23, 2008. In addition for purposes of testimony, this individual shall produce at the start of the deposition the documents listed in the Notice of Taking Deposition under Fed. R. Civ. P. 30(b)(6).

Because counsel for both Severstal and SSRC have offices in Troy, Michigan, the deposition of SSRC's 30(b)(6) witness shall take place at Severstal's counsel's office in Troy Michigan. The parties shall equally split the transportation, lodging and other reasonable expenses associated with producing the 30(b)(6) witness in Michigan.

The parties to this action may object to and seek review of this Order, within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

4

objections is to be served upon this Magistrate Judge.

**SO ORDERED**.

                                                  s/Steven D. Pepe
                                                  United States Magistrate Judge

Dated:  December 15, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 15, 2008.

                                                  S/V. Sims
                                                  Case Manager